**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| AMBER HERLEIN, as Personal Representative of the Estate of Decedent SHANDRA EISENGA, | * * * | |
| | * | Civil Action:  1:25-cv-00908 |
| Plaintiffs, | * * | |
| vs. | * * | |
| ELUTIA, INC. F/K/A AZIYO BIOLOGICS, INC., DCI DONOR SERVICES, INC. D/K/A TENNESSEE DONOR SERVICES, and DOES 1-10, | * * * * | |
| | * | |
| Defendants. | | |

**********************************************************************************

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and upon stipulation of Plaintiff AMBER HERLEIN, as Personal Representative of the Estate of Decedent SHANDRA EISENGA and Defendants ELUTIA, INC. F/K/A AZIYO BIOLOGICS, INC. and DCI DONOR SERVICES, INC. D/K/A TENNESSEE DONOR SERVICES (collectively, the "Parties"), the Court enters this Confidentiality and Protective Order to govern the production and handling of certain non-public, proprietary, trade secret, and other confidential commercial, personal, or medical information, including information the disclosure of which could result in competitive harm or provide a competitive advantage to others, including competitors. This Order is intended to facilitate the efficient exchange of such information while protecting it from improper use or disclosure.

**IT IS HEREBY ORDERED**:

I.      **Scope**

(a)      This Order governs all documents, materials, and information produced or disclosed in discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived therefrom (collectively, "Discovery Material").

As used in this Order, "Confidential Information" means Discovery Material designated as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" in accordance with the provisions below.

(b)      As used herein, the term "Party" or "Parties" shall refer to one or more of the Parties to this litigation, the term "Producing Party" shall refer to the Party producing documents, and the term "Receiving Party" shall refer to the Party receiving documents from the Producing Party.

(c)      This Order does not limit any Party's right to object to discovery on any ground other than confidentiality, seek additional protections from the Court, or disclose Confidential Information with the consent of the designating Party.

(d)      Nothing in this Order shall prevent a party from using or disclosing its own Confidential Information without restriction.

(e)      This Order becomes effective upon entry and binds all Parties, counsel of record, their firms, and all persons subject to its terms. It is entered based on the Parties' agreements to facilitate discovery and does not constitute a judicial determination that any designated material is entitled to confidential treatment unless and until the Court rules on a specific issue.

**II.      Confidential Information**

(a)      Any Producing Party may designate Discovery Material as "Confidential" under the terms of this Order if it reasonably and in good faith believes that such Discovery Material contains confidential, personal, proprietary or commercially sensitive  information that is not available in the public and that requires the protections provided in this Order.

(b)      "Confidential" information under this Order means non-public information a Producing Party reasonably and in good faith believes is confidential, including: (i) information protected from disclosure by law; (ii) trade secrets or sensitive proprietary, financial, or commercial information; (iii) medical or health information protected by privacy laws, including HIPAA; (iv) protected personally identifiable information; and (v) non-party personnel or

employment records. Publicly available information may not be designated Confidential unless it became public despite the Producing Party's prior objection.

### III.    Designation of Confidential Information

(a)    Designation shall be made by typing, stamping or imprinting upon the document with the following words: "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER;" and applying such in a manner so as not to obscure any information contained therein.

(b)    All information and documents designated as "Confidential" or "Subject to Protective Order" shall be accorded confidential status until such time as determined otherwise pursuant to the following provisions of the Stipulated Protective Order.

(c)    Any notes, lists, memoranda, indices, compilations, electronically stored information, reports, records and documents prepared or based on an examination of "Confidential Information" and any summaries of "Confidential Information" shall be accorded the same status of confidentiality as the underlying Confidential Information and shall be subject to all terms of this Order.

(d)    If a Party believes that certain Discovery Material warrants an Attorneys' Eyes Only ("AEO") designation, the Producing Party shall notify the Receiving Party and the Parties shall meet and confer in good faith. If no agreement is reached, the Producing Party may seek judicial intervention within 7 days of providing such notice. No material shall be designated AEO absent agreement of the Parties or order of the Court.

### IV.    Designation of Deposition Testimony

(a)    Deposition testimony taken in this case may be designated as Confidential during the deposition or within 30 days after the final transcript is delivered to each Party. The designating Party may serve a Notice of Designation identifying specific portions of testimony as Confidential. Thereafter, only those portions identified in the Notice or designated on the record at the deposition shall be treated as Confidential under this Order. .

(b)      To the extent Confidential Information is used during a deposition, such information shall remain subject to the provisions of this Order. Counsel shall inform the court reporter of the existence of this Order, and the reporter shall operate in a manner consistent with its terms, including separately marking and labeling those portions of the transcript and any exhibits that contain Confidential Information as "Confidential" or "Subject to Protective Order."

## V.      Challenges to Confidentiality Designations

(a)      Failure by a Party to challenge the confidentiality of any document or information at the time of receipt thereof shall not preclude a subsequent challenge thereto. A Party challenging a confidentiality designation shall do so in good faith by providing written notice to counsel for the designating/Producing Party identifying the basis for the challenge. The notice shall identify the challenged material with specificity, including by Bates number, and explain the basis for the challenge.

(b)      The Parties shall meet and confer in good faith to resolve the dispute informally and to allow the designating Party an opportunity to review the challenged material, reconsider the designation, and, if the designation is maintained, explain the basis for it.

(c)      The designating Party shall respond in writing within fourteen (14) days of receipt of the challenge. If the dispute cannot be resolved, the challenging Party may seek relief from the Court by motion, identifying the material at issue with specificity. Any such material shall be submitted under seal in accordance with the Federal Rules of Civil Procedure and LCivR 10.6 of the Western District of Michigan.

(d)      Pending resolution of any challenge, the material shall continue to be treated as Confidential Information under this Order.

## VI.     Inadvertent Disclosure

(a)      Inadvertent or unintentional production of Discovery Material without a

confidentiality designation shall not waive the Producing Party's right to later designate such material as Confidential Information. Upon written notice of the corrected designation, the Producing Party shall provide appropriately marked corrected copies where reasonably possible, and the Receiving Party shall thereafter make reasonable efforts to treat the material in accordance with this Order.

(b)     The Receiving Party shall not be deemed in violation of this Order for any disclosure occurring before receipt of the corrected designation, unless the confidential nature of the material was apparent on its face.

(c)     The handling of privileged information, including claims of privilege, shall be governed by applicable federal law, including Federal Rule of Civil Procedure 26(b)(5).

(d)     The inadvertent production of material protected by the attorney-client privilege, work product doctrine, or other applicable protection ("Protected Material") shall not waive any such privilege or protection in this or any other proceeding.

      i.     Upon discovering that Protected Material has been produced, the Producing Party shall promptly notify the Receiving Party and provide a privilege log within seven (7) days. Upon such notice, the Receiving Party shall promptly cease use of the material and, within seven (7) days, return or destroy all copies, including any summaries or notes, and certify compliance.

      ii.    If the Receiving Party disputes the claim of privilege, it shall notify the Producing Party in writing. The Parties shall meet and confer in good faith, and if no resolution is reached, the Producing Party may seek relief from the Court. The material shall not be used or disclosed pending resolution.

**VII.**    **<u>Use and Disclosure of Confidential Information</u>**

(a)     All Confidential Information may be used or disclosed solely for purposes of this litigation, including any appeal, and for no other purpose by the Parties, their counsel, or any persons authorized under this Order.

(b)     The Parties shall not disclose, or permit disclosure of, Confidential Information to any third party except as expressly permitted by this Order. Subject to these terms, the following categories of persons may access Confidential Information:

   i.     Counsel with the law firms of record representing the Parties receiving the "Confidential Information" and, if reasonably necessary for purposes of prosecuting or defending this action, to the Parties themselves or their insurers;

   ii.    Employees of counsel with the law firms representing the Parties receiving the "Confidential Information" and to whom it is necessary that the material be shown for purposes of this action;

   iii.   Officers, directors or employees of a Party who have the need to know such information for purposes of this litigation;

   iv.    Experts, investigators or consultants and persons regularly employed in their offices retained by a Party receiving the "Confidential Information" to assist in the prosecution or defense of this action as provided in subsection (c) below;

   v.     Witnesses as provided in subsection (d) below;

   vi.    Mediators agreed upon by the Parties and assistants or employees of the mediators;

   vii.   the Court and its personnel; and

   viii.  authorized court reporters, videographers, and litigation vendors retained for this case.

(c)     Consultants and Experts.

   i.     Non-attorney consultants, investigators, or experts retained to assist in this action may access Confidential Information only as reasonably necessary for this litigation and solely for purposes of this action.

   ii.    Before receiving Confidential Information, such persons must execute Attachment A and be advised that this Order prohibits unauthorized use or disclosure and subjects them to this Court's jurisdiction for enforcement.

   iii.   Such persons may not retain Confidential Information after their involvement or testimony concludes.

(d)     Witnesses

   i.     Confidential Information may be disclosed to witnesses during depositions or in preparation for testimony only as reasonably necessary for this

litigation.

ii. Witnesses who are authors, recipients, or otherwise previously had knowledge of the Confidential Information may review it. and may retain copies as reasonably necessary for purposes of this litigation, subject to this Order.

(e) Recordkeeping, Retention and Breach Disclosure

i. Counsel for each Receiving Party shall maintain all executed Attachment A agreements and related records in accordance with applicable professional obligations.

ii. Following the conclusion of this litigation, including any appeals, the Receiving Party shall maintain a list of all non-testifying witnesses and consulting experts who received Confidential Information for the period required by the applicable state bar or professional rules governing client file retention.

iii. In the event of an alleged breach of this Protective Order, the Producing Party shall provide written notice to the Receiving Party describing the basis for its good faith belief that a breach occurred.. If the Receiving Party declines to provide that information, the Producing Party may seek appropriate relief from a court of competent jurisdiction.

## VIII.  Security, Breach Response, and Safeguards for Confidential Information

(a) Any person possessing another Party's Confidential Information shall exercise the same degree of care used to protect their own similarly sensitive information and shall take reasonable precautions to prevent unauthorized access, disclosure, alteration, destruction, or misuse.

(b) Confidential Information, whether maintained in electronic or paper form, or in summaries, compilations, or other derivative materials, shall be stored, handled, and transmitted using reasonable security measures consistent with the professional obligations applicable to the Receiving Party for protecting attorney-client information.

(c) If Confidential Information is stored on litigation support systems, such systems shall employ standard industry data security practices, including access controls limiting access to authorized persons, and shall maintain appropriate access records during this litigation.

(d)      Any Confidential or Attorneys' Eyes Only Information stored on local or portable devices (including laptops, tablets, smartphones, thumb drives, or portable hard drives) shall be maintained with reasonable data security protections consistent with this Section.

(e)      If Confidential Information is transmitted or shipped, the Receiving Party shall employ reasonable security measures and, upon learning of any unauthorized access or disclosure, shall promptly notify the Producing Party and take reasonable steps to retrieve or secure the affected materials.

(f)      If a Receiving Party discovers a security breach involving Confidential Information, it shall: (i) promptly provide written notice to the Producing Party; (ii) promptly investigate and remediate the breach; (iii) provide reasonably satisfactory assurances against recurrence; and (iv) provide sufficient information for the Producing Party to assess the scope and impact of the breach. The Receiving Party shall cooperate with the Producing Party and, where appropriate, law enforcement.

(g)      Upon discovery of a breach, counsel maintaining executed acknowledgment forms shall provide the Producing Party with copies of relevant signed forms for any known responsible individual or entity. If the responsible person is unknown, such forms shall be produced to the Court for in camera review upon motion and court order.

### IX.     Filing Under Seal

(a)      To the extent any Confidential Information must be filed with the Court (including any filing that includes, incorporates, or quotes such information), the filing Party shall comply with the Federal Rules of Civil Procedure and LCivR 10.6 of the Western District of Michigan, including by filing a motion for leave to file the material under seal. If the Court grants such leave, the materials shall be filed under seal in accordance with the Court's CM/ECF procedures and shall remain sealed unless and until the Court orders otherwise.

**X.**     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**

(a)     If a Receiving Party is served with a subpoena or court order in other litigation that would require disclosure of Confidential Information produced in this action, it shall, within 3 days of receipt, provide written notice to the designating Party, the Producing Party (if different), and the party issuing the subpoena or order. Such notice shall include a copy of the subpoena or order, and the Receiving Party shall provide a copy of this Order to the issuing party.

(b)     The purpose of this provision is to allow the designating Party an opportunity to seek protection of its Confidential Information in the issuing court. The designating Party shall bear the burden and expense of seeking such protection. Nothing in this Order requires a Receiving Party to disobey a lawful subpoena or court order.

(c)     Absent further order from this Court or the issuing court, compliance with a lawful subpoena or court order requiring disclosure of Confidential Information shall not constitute a violation of this Order. The obligations of this Section remain in effect for as long as the Receiving Party possesses Confidential Information subject to this Order.

**XI.**     **Use of Confidential Information at Hearings or Trial**

(a)     Nothing in this Order shall restrict the presentation of any evidence, including Confidential Information, to the Court or a jury at any hearing or trial. The use of Confidential Information at a hearing or trial shall be subject to the Federal Rules of Civil Procedure, Local Rules, and any orders of the Court, including any procedures governing the handling of such information.

(b)     The use of Confidential Information at a hearing or trial shall not, by itself, constitute a waiver of its designation as Confidential Information under this Order, except as otherwise determined by the Court.

(c)    This Order shall continue to apply after trial to all Confidential Information not disclosed during any hearing or trial.

### XII.    Obligations at Conclusion of Litigation

(a)    Within 90 days after final disposition of this action including dismissal or entry of final judgment, all materials designated as Confidential Information, including all copies, excerpts, summaries, and materials derived therefrom, shall be returned to the Producing Party or destroyed.

(b)    If the Receiving Party elects to destroy such materials, it shall certify in writing that it has complied with this paragraph. All electronic copies shall be destroyed and deleted from any computers, hard drives, servers, or cloud storage.

(c)    All Confidential Information shall remain subject to the terms of this Order following the conclusion of the litigation, and the Court shall retain jurisdiction to resolve any disputes arising from the use, treatment, or disposition of Confidential Information.

### XIII.    Modification of Order

(a)    This Stipulated Protective Order shall not be modified, amended, or enlarged except by further order of the Court.

(b)    Any Party may seek further limitations on the disclosure of specific Confidential Information, or relief from any limitations imposed by this Order, by application to the Court.

_/s/ Andrew Nantz_
Timothy Holland (P66218)
Jason Hodge (P84454)
Rick Houghton (P82056)
Brandon Hewitt (P70820)
**MICHIGAN SLIP AND FALL LAWYERS**
30101 Northwestern Hwy., Suite 150
Farmington Hills, MI 48334
Tel.: 248.939.8130
tholland@falllaw.com
jhodge@falllaw.com
rhoughton@falllaw.com

bhewitt@falllaw.com

Brett Votava
Andrew Nantz
**VOTAVA NANTZ & JOHNSON, LLC**
9237 Ward Parkway, Suite 100
Kansas City, MO 64114
Tel.: 816.895.8800
bvotava@vnjlaw.com
andrew@vnjlaw.com

***Counsel for Plaintiff Amber Herlein as Personal Representative of the Estate of***

*Decedent, Shandra Eisenga*

*/s/ Richard J. Suhrheinrich*
Richard J. Suhrheinrich (P47110)
Christina Doyle
**KITCH ATTORNEYS & COUNSELORS, PC**
2379 Woodlake Drive, Suite 400
Okemos, MI 48864-6032
Tel.: 517.381.7181
rich.suhr@kitch.com
christina.doyle@kitch.com

*Counsel for Defendant DCI Donor Services, Inc. d/b/a Tennessee Donor Services*

*/s/ Michelle A. Lester*
Jeffrey T. Gorcyca (P48867)
**BOWMAN AND BROOKE LLP**

**ORDERED** this 28th  day of  May   , 2026.

101 W Big Beaver Road, Suite 1100
Troy, MI 48084
Tel: 248.205.3300
jeffrey.gorcyca@bowmanandbrooke.com

Michelle A Lester
150 South Fifth Street Suite 3000
Minneapolis, MN 55402
Tel:  612.339.8682
michelle.lester@bowmanandbrooke.com

Joan S. Anderson
1942 E 7th St, Suite 360
Charlotte, NC 28204
Tel.: 980.987.3710
joan.anderson@bowmanandbrooke.com
*Counsel for Defendant for Elutia Inc. f/k/a Aziyo Biologics, Inc*

/s/ Ray Kent
_____
RAY KENT
United States Magistrate Judge

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| AMBER HERLEIN, as Personal Representative of the Estate of Decedent SHANDRA EISENGA, | * * * | |
| | * | Civil Action:  1:25-cv-00908 |
| Plaintiffs, | * * | |
| vs. | * * | |
| ELUTIA, INC. F/K/A AZIYO BIOLOGICS, INC., DCI DONOR SERVICES, INC. D/K/A TENNESSEE DONOR SERVICES, and DOES 1-10, | * * * * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned acknowledges that he/she has read and understands the Stipulated Confidentiality and Protective Order entered in this action and agrees to be bound by its terms. The undersigned agrees to use Confidential or Attorneys' Eyes-Only Information solely for purposes of this litigation and not to disclose such information except as permitted by the Order.

The undersigned submits to the jurisdiction of the United States District Court for the Western District of Michigan for purposes of enforcing the Order. The undersigned further understands that this Acknowledgment may be provided to the Producing Party or the Court in the event of a suspected breach and that violation of the Order may result in sanctions, including contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address:

_____

Signature: _____     Date: _____

Page **12** of **12**